SAMUEL G. REED *vs.* LAMBERT MAYNARD & another.

A notice in the following form, though without date, served by bail upon the plaintiff's attorney on the day of surrendering their principal, was held sufficient: " You will please take notice that we the undersigned, sureties for B. in the case of A. *v.* B. now pending in the superior court within and for the county of Suffolk, have this day surrendered him to the keeper of the jail at said jail in said county of Suffolk, at 11½ o'clock, A. M."

SCIRE FACIAS against bail. At the hearing in the superior court, before *Morton*, J., it appeared that the defendants, being bail of Samuel Gamage in a suit brought against him by the present plaintiff, surrendered him to the sheriff at the jail in Suffolk county, where the arrest was made and the suit was pending, on the 9th of April 1863, and thereafter on the same day their attorney delivered to one of the attorneys of the plaintiff a notice of which the following is a copy:

" Commonwealth of Massachusetts, Suffolk, ss. Jewell & Field, Esqrs., Dear Sirs: You will please take notice that we the undersigned, sureties for Gamage in the case of Reed *vs.* Gamage, now pending in the superior court within and for the county of Suffolk, have this day surrendered him to the keeper of the jail at said jail in said county of Suffolk, at 11½ o'clock, A. M. L. Maynard. G. L. Gamage, per John D. Howe, his attorney."

On the same day Gamage was discharged upon taking the poor debtors' oath, and certain questions arose as to the regularity of those proceedings which are now immaterial.

The judge directed a verdict for the defendants, which was accordingly rendered; and the plaintiff alleged exceptions.

*H. Jewell*, for the plaintiff.

*J. D. Howe*, for the defendants.

COLT, J. The provisions under which bail may exonerate themselves from further responsibility by surrendering their principal are contained in Gen. Sts. *c.* 125, §§ 15–19. All these provisions were complied with by the defendants, unless the notice in writing to the plaintiff or his attorney " of the time when and the place where the prisoner was so committed " was invalid.

The plaintiff contends that it does not give notice of the time when the surrender of the debtor was made. The notice is without date, but it was made and served on the plaintiff's attorney on the day of the surrender, and therefore could not mislead him. The notice, we think, also gave a sufficient description of the suit in which the bail was taken, and of the relation of the defendants to it. The name of the suit, the court in which it was pending, and the fact that the defendants are sureties for Gamage, the defendant therein, are all stated in the notice, and are quite sufficient to enable the plaintiff to identify the case.

In the view we take of this notice, it is not necessary to consider whether the provisions of § 18 requiring it are conditions to the validity of the surrender, or only directory. The case of *Jones* v. *Varney,* 8 Cush. 137, goes far to show that they are only directory.

The bail, having exonerated themselves by a surrender of the principal in accordance with the provisions of the statute, could not be affected by anything that afterwards occurred upon the application of the principal for the benefit of the oath; and the judge rightly rejected evidence of those proceedings.

*Exceptions overruled.*